Battle, J.,
 

 after stating the case as above, proceeded : — The only difficulty between the parties arises from that clause of the will which gives the
 
 “
 
 remainder of the furniture and all property ’ ’ to be divided between the two daughters and son, the son
 
 C(
 
 to have half a part,” and the two daughters the ecremainder.” The counsel for the plaintiffs contends that the obvious meaning
 
 *57
 
 is to give the son one half of the property there referred to, leaving the other half to be equally divided between the two sisters. He contends further, that such meaning is made more manifest by the intent of the testator, apparent from other parts of the will, to give the son much the larger portion of the property ; and also by the parties themselves having put that construction upon the clause, when they divided the other slaves.
 

 The defendant’s counsel objects to this construction, and contends that the testator, having in the previous part of his will given his son the greater part of his estate, intended that his daughters should have larger shares in the residue; and to that end declares that his son shall have^half a part; .that is, half of a third part, or one-sixth part of the said residue, and his two daughters shall taire the remainder. He insists, also, that the construction must be made upon the will itself, and cannot be affected by any thing done by the parties. We agree with the defendant’s counsel, that the acts of the parties in relation to the other slaves, can have no effect in determining the construction of the will. The intention of the testator must be ascertained by what he has said in his will, and not by what other persons may have done after his death. The aid which each party seeks to derive from the other provisions in the will, seems to be about equal. It is almost, if not quite, as probable that the testator intended to malee the portions o'f his daughters more nearly equal to that of his son, as that he intended to continue his preference for his son, in this disposition of the residue. We are then driven to look to the clause itself for its interpretation, and from that, we think, the son was intended to taire only one-sixth part of the residue. The word “ part,” in its connection, evidently means share. It is often so used in common parlance, and that is one of the meanings given to it in dictionaries of high authority. Now substitute “share” for “part,” and the intent seems plain. The property is to be divided between the two daughters and son. If nothing more is said, the part or share of each is evidently one-third of the whole. The son is to have half a share. A share is a third of the whole: half a share must therefore be half of one-third — that is, one-sixth part of the whole. The testator does not then say that the daughters are to have whole shares, for that would have left a small
 
 *58
 
 portion undisposed of; but he'gives them the remainder — all that his son did not take. He thus, too, obviates the difficulty that might otherwise have arisen upon the supposition that the son was to have half as much as each of the daughters. The decree must be for a partition according to the rule above expressed. The costs must be paid out of the fund.
 

 Per Curiam. Decree accordingly.